UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAHPHETH J. JEANBAPTISTE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GC SERVICES LIMITED PARTNERSHIP, and JOHN DOES 1-25,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Jahpheth J. Jeanbaptiste (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant, GC SERVICES LIMITED PARTNERSHIP, (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

1

allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA" which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form as the letter sent to Plaintiff attempting to collect a consumer debt

   allegedly owed to the U.S. Department of Education, that contains at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. § 1692 *et seq.*

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a. Whether Defendant violated various provisions of the FDCPA;

        b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

        c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

        be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Some time prior to October 16, 2015, an obligation was allegedly incurred by Plaintiff to the U.S. Department of Education.

15. The U.S. Department of Education obligation arose out of an alleged claim for an unpaid student loan bill, a transaction in which money, property, insurance or service, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged U.S. Department of Education obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The U.S. Department of Education is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the U.S. Department of Education debt is past due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal service, telephone and internet.

20. U.S. Department of Education directly or through an intermediary contracted Defendant to collect the U.S. Department of Education debt.

21. On or around October 16, 2015, Defendant caused to be delivered to Plaintiff a collection letter in an attempt to collect said debt. *See* **Exhibit A**.

22. The October 16, 2015 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" pursuant to 15 U.S.C. §1692a(6).

23. The October 16, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2),

and is further an "initial communication" as that term is used by 15 U.S.C. §1692g.

24. The October 16, 2015 letter purports to provide Plaintiff with the Validation Notice required pursuant to 15 U.S.C. §1692g by stating:

> UNLESS YOU, <u>WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU</u> CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. *See*, **Exhibit A**.

25. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq*.

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

28. 15 U.S.C. § 1692g(a) sets forth the Validation Notice requirements incumbent on collection agencies. That provision states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>     (1) the amount of the debt;
>     (2) the name of the creditor to whom the debt is owed;
>     (3) a statement that unless the consumer, within thirty days after receipt of the

> notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. It is not sufficient for a debt collector to provide the Validation Notice required by the FDCPA. Rather, the Validation Notice need be conveyed effectively to the debtor. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

30. By referring in the Validation Notice to a thirty day period commencing from receipt of Defendant's Initial Notice to the debtor, rather than a thirty day period commencing from receipt of the actual Letter dated October 16th, Defendant's October 16, 2015 Collection Letter violated 15 U.S.C. § 1692g, as it failed to effectively convey to the consumer or the least sophisticated consumer the time frame in which a dispute need be submitted to Defendant in order to invoke the protections of the FDCPA.

31. The wording of the Validation Notice would cause the debtor and the least sophisticated consumer to be confused and misled as to the duration and expiration of the thirty day Validation period, in violation of 15 U.S.C. § 1692g.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq*.**

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. The FDCPA requires that debt collectors advise debtors that unless the consumer, within

thirty days after receipt of the Validation Notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

34. Pursuant to 15 U.S.C. § 1692e, it is a violation of the FDCPA to use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant violated 15 U.S.C. § 1692e when it advised the debtor that he had to dispute his debt within thirty days of receipt of Defendant's initial communication with Plaintiff.

36. Due to Defendant's violation of the FDCPA, neither Plaintiff nor any least sophisticated consumer would have any idea when the time to dispute the subject debt would expire, and in fact, would be directly misled into believing that such 30-day period expired earlier than it actually did.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       December 9, 2015

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq. (AS8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:   (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Alan J. Sasson*
Alan J. Sasson, Esq.

Dated: Brooklyn, New York
       December 9, 2015